IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS W. CURTIS, )
 )
    Petitioner, )
 ) No. 3:20-cv-00559
v. )
 ) JUDGE RICHARDSON
BERT C. BOYD, Warden, ) MAGISTRATE JUDGE NEWBERN
 )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Douglas W. Curtis, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his 2016 conviction for four counts of rape of a child in Lewis County, Tennessee, for which he currently is serving a term of eighty years of imprisonment in the Tennessee Department of Correction. (Doc. No. 1). Subsequent to filing his initial petition, Petitioner filed an amended petition for writ of habeas corpus (Doc. No. 9), which the Court permitted (Doc. No. 12).

The Court, in a July 15, 2020 Order, initially directed Respondent to file the state-court record and a response to the petition. (Doc. No. 7, PageID 227-29). The Court later stayed a response to the petition pending a response to Petitioner's discovery motion. (Doc. 12, PageID 254).

Pending before the Court are the following motions by Petitioner: motion for discovery (Doc. No. 2), to which Respondent has filed a response in opposition (Doc. No. 14); a motion to appoint counsel (Doc. No. 17); and a motion to compel Respondent to complete the record (Doc. No. 18). Petitioner also filed a reply to Respondent's response in opposition to the motion for discovery. (Doc. No. 16).

1

**MOTION FOR DISCOVERY**

Petitioner requests discovery of his "attorney's client file that contains forensic reports from the defense audio expert, Mr. Tom Owen[,]" a forensic report "that show [sic] the results of" testing completed on a second alleged victim, and the "original recorder device[.]" (Doc. No. 2, PageID 211-14). Respondent contends that discovery should be denied without prejudice because it is premature and Petitioner provides no good cause to justify discovery based on the state-court record. (Doc. No. 14 at PageID 2917).

Habeas petitioners do not have an automatic right to discovery. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (finding that a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); *Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009) (same). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. *Id*. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Id*.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f the petition is not dismissed, the judge may direct the parties to expand the

record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. In other words, expansion of the record is not permitted unless the Court does not dismiss the petition using the pleadings and the state court record before it. The 'purpose [of Rule 7(a)] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. Thus, under Rule 7, the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

Given that Respondent has not yet filed an answer to the petition or the complete, relevant state court record and the Court has not yet considered the petition based on the pleadings and state record before it, Petitioner's motion to conduct discovery is premature. *See Dupree v. Gidley*, No. 2:16-cv-12821, 2016 WL 4362931, at *2 (E.D. Mich. Aug. 16, 2016) (finding that petitioner's request to conduct discovery was premature where respondent had not yet filed an answer to the petition or the state court record"); *Caudill v. Conover*, 871 F. Supp. 2d 639, 645 (E.D. Ky. May 14, 2012) (denying petitioner's request for discovery because new evidence gained through discovery "has no bearing on a federal court's review under § 2254(d)(1)"). Additionally, the Court notes that federal habeas review generally is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits"); *Taylor v. Simpson*, No. 06-cv-181, 2012 WL 404929, at *2 (E.D. Ky. Feb. 6, 2012) (noting *Pinholster's* "alternative bar" to the consideration of new evidence on federal habeas review under Section 2254(d) and denying petitioner's request for discovery on *Batson* claim that was decided on the merits in state court). Consequently, the Court will deny Petitioner's motion for discovery (Doc. No. 2) without prejudice. The Court will keep Petitioner's motion and detailed

3

reply to Respondent's response in mind should further development of the record be necessary for the proper resolution of this case.[1]

## MOTION FOR THE APPOINTMENT OF COUNSEL

Next, Petitioner seeks the appointment of counsel. (Doc. No. 17). He states that he "is unable to pay the costs for an attorney to represent him throughout these proceedings" and "is in need of counsel to assist him throughout this lawsuit." (*Id*. at PageID 2980).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). A petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *Abdur-Rahman v. Mich. Dep't of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1995). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

---

[1] To the extent that Petitioner's motion seeks the return of all files held by his former attorney (John S. Colley) arising out of his representation of Petitioner at trial pursuant to Tennessee Supreme Court Rules (*see* Doc. No. 16 at PageID 2941, 2947), the Court notes that Petitioner has litigated this issue in the state courts as recently as last year. By Order entered on March 5, 2019, Judge Michael E. Spitzer of the 21st Judicial District, Division V Circuit Court found, after "having made an inquiry of Mr. Colley, an officer of the Court," that he "has supplied to the Petitioner, or to the Petitioner's subsequent legal counsel, any and all files that he held for or on behalf of Petitioner in years past and no longer has any files in his possession concerning this or any other matter of Petitioner's." (Doc. No. 16, Attach. 1 at PageID 2967). Further, Judge Spitzer found that "Mr. Colley related that the Petitioner had previously filed a complaint against him with the Tennessee Board of Professional Responsibility of and concerning this issue, and that body had concluded that Mr. Colley had no files belonging to the Petitioner and dismissed that complaint." (*Id*.) Although Petitioner states that he "is simply requesting the return of property that is rightfully his," Petitioner has not offered any evidence calling into question Judge Spitzer's holding. (*Id*. at 2948).

4

Petitioner's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Petitioner has submitted several detailed filings in this case and therefore demonstrates that he is able to prosecute his case. Therefore, his motion for the appointment of counsel (Doc. No.17) will be denied without prejudice to refile should circumstances warrant.

## MOTION TO COMPEL RESPONDENT TO COMPLETE THE RECORD

Finally, Petitioner has filed a motion asking the Court to compel Respondent to comply with the Court's Order of July 15, 2020. (Doc. No. 18).

By Order entered on July 15, 2020, this Court found that, after conducting a preliminary review of Petitioner's Section 2254 petition under Rule 4, Rules—Section 2254 Cases, it was not readily apparent that Petitioner was not entitled to relief and ordered Respondent to respond to Petitioner's petition. (Doc. No. 7 at PageID 227). Specifically, the Court directed as follows:

> Consequently, Respondent is **ORDERED** to file an answer, plead or otherwise respond to the petition in conformance with Rule 5, Rules — § 2254 Cases, within 30 days of the date of receipt of this Order.
>
> By the same date, Respondent also shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. See Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the relevant record (e.g., plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

5

> If Respondent files an answer, the answer must comply with the requirements set forth in Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he or she is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument. Failure to comply with these requirements may result in Respondent being directed to file a new answer in conformance with these requirements.
>
> Petitioner may file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within 30 days of the date the answer is filed. The Court will consider the matter ripe for review if Petitioner fails to file a reply, or to seek additional time to file a reply, within 30 days of the date the answer is filed.
>
> If Respondent files a motion, the motion shall comply with the requirements of the Federal Rules of Civil Procedure, see Habeas Rule 12, and where relevant, shall address the issues of exhaustion and timeliness.
>
> Petitioner may file a response to Respondent's motion within 30 days of the date the motion is filed. If Petitioner fails to timely respond to Respondent's motion, or fails to seek additional time to respond, the Court may construe Petitioner's failure to respond as Petitioner's agreement that the motion has merit and may grant the motion without further briefing. Respondent may file a reply, or seek additional time to file a reply, within 15 days of the date Petitioner's response to the motion is filed.

(Doc. No. 7 at PageID 227-29). However, after Petitioner filed a motion to amend (Doc. No. 9) and an "Affidavit of Facts Known by Petitioner of Counsel's Statements and Actions Concerning Discovery of Recorder Device" (Doc. No. 11), by Order entered on July 20, 2020, the Court granted Petitioner's motion to amend and directed Respondent to respond to Petitioner's motion for discovery (Doc. No. 2), finding that a response would be helpful to the resolution of Petitioner's discovery motion. (Doc. No. 12). The Court instructed that Respondent should reserve his response to the habeas petition until after the Court resolves Petitioner's discovery motion. (*Id*. at PageID 254). In response to the Court's Order, Respondent filed a response to Petitioner's motion for

6

discovery (Doc. No. 14) and a "notice and its accompanying attachments for their use in this cause" (Doc. No. 13).

In his motion to compel, Petitioner contends that parts of the state court record are missing from Respondent's submission of the state court record in violation of the Court's July 15, 2020 Order. (Doc. No. 18 at PageID at 2983). While it does appear that some of the documents referenced by Petitioner do not appear in Respondent's submission in support of his response to Petitioner's motion for discovery, Respondent did not represent that his filing (Doc. No. 13) constitutes the entire state court record. Further, the Court's Order of July 20, 2020, instructed Respondent to reserve his compliance with the July 15, 2020 Order (requiring the submission of the state court record and a response to the habeas petition) until after the Court's resolution of Petitioner's motion for discovery, negating Respondent's requirement to provide the state-court record at this time. (Doc. No. 12).

In any event, Petitioner is reminded that the Court's Order of July 15, 2020, requires Respondent to provide "the complete state court record *relevant to this matter*" (Doc. No. 7), which may or may not contain all of the documents Petitioner believes are relevant. Indeed, much of Petitioner's motion to compel details Petitioner's concern that the state court record should comprise certain items that Petitioner believes Respondent has failed to include or will fail to include. Any conflict between the parties as to what documents are relevant will be resolved at the appropriate time. Petitioner's motion will be denied as prematurely filed.

## ORDER

For the reasons explained herein, Petitioner's motions for discovery (Doc. No. 2) and to appoint counsel (Doc. No. 17) are **DENIED WITHOUT PREJUDICE**. Petitioner's motion to compel Respondent to complete the record (Doc. No. 18) is **DENIED** as premature.

Respondent shall comply with the instructions set forth in the Order entered on July 15, 2020, within 30 days of entry of this Order. (Doc. No. 7).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE