IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS W. CURTIS, | ) |
| Petitioner, | ) ) ) |
| | ) No. 3:20-cv-00559 |
| v. | ) ) JUDGE RICHARDSON |
| WARDEN BERT BOYD, | ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court are two motions filed by Petitioner: "Motion for Enlargement of Time to Allow Respondent to Complete the Record" (Doc. No. 29) and "Motion for the Habeas Court to take Judicial Notice of State Court Filings Under Rule 2254(f)" (Doc. No. 32). Respondent has not responded to either motion.

Petitioner also filed a Reply (Doc. No. 31) to Respondent's Answer to Petition for a Writ of Habeas Corpus (Doc. No. 28) in which Petitioner asks for an extension of time to submit a substantive Reply to the Answer after the Court rules on his pending motions.

**MOTION FOR ENLARGMENT OF TIME TO ALLOW RESPONDENT
TO COMPLETE THE RECORD (Doc. No. 29) and MOTION FOR
THE HABEAS COURT TO TAKE JUDICIAL NOTICE OF STATE COURT
FILINGS UNDER RULE 2254(F) (Doc. No. 32)**

In each of these motions, Petitioner alleges that certain documents are missing from the state court record filed by Respondent and "these parts that have been omitted are essential to petitioner being able to point this habeas court to the pertinent parts of the record that provide his constitutional claims by 'clear and convincing' evidence, or to show the state court finding of fact 'was based on an unreasonable application of the facts in light of the evidence presented in the

1

state court proceeding.'" (Doc. No. 29 at 2). The Court will address each document or group of documents in turn.

First, the complete transcripts of the August 4, 2014 hearings identified by Petitioner as missing were submitted on February 25, 2021 by Respondent. (Doc. No. 30; Doc. No. 32 at 2). This request appears to have been satisfied.

Second, Petitioner alleges that he filed a Motion to Compel Compliance with Trial Court Order ("March 11, 2020 motion") with the "TCCA" on March 11, 2020 and that this motion is missing from the record submitted by Respondent. (Doc. No. 29 at 2; Doc. No. 23 at 5). Petitioner alleges this document is "relevant and material to Petitioner's ability to show due diligence to issues presented in Petitioner's habeas corpus petition." (Doc. No. 29 at 2).

Third, Petitioner alleges that his March 11, 2020 motion was transferred by order of the "TCCA" to the Tennessee Supreme Court on March 23, 2020, as an attachment to his Rule 11 Request for Permission to Appeal. (*Id.* at 2-3; Doc. No. 32 at 5-6). Petitioner alleges this order is relevant and material to Petitioner's ability to reference the record concerning issues raised in his habeas corpus petition." (Doc. No. 29 at 3). Petitioner has submitted "a record of what was submitted to the Appellate Court and the responses from the Appellate Court Clerk . . . ." (Doc. No. 32 at 5-6 & Attach. 3, Ex. C)

Fourth, Petitioner alleges that he filed a Motion to Preserve Evidence with the trial court on January 4, 2019. (Doc. No. 29 at 3; Doc. No. 32 at 3). He alleges this motion "is relevant and material for Petitioner's ability to reference the facts in the record concerning issues raised in his habeas corpus petition." (Doc. No. 29 at 3). Petitioner states that this motion was submitted as Exhibit A to Doc. No. 18. Petitioner also attached the motion and correspondence to and from the court regarding the motion to Doc. No. 32. (Doc. No. 32 at Attach. 1, Ex. A).

Fifth, Petitioner alleges that on March 26, 2019, the trial court issued an order to preserve the recorder device. (Doc. No. 29 at 3; Doc. No. 32 at 3). Petitioner alleges this order "is relevant and material to Petitioner's ability to reference the record in his issues raised in the habeas corpus petition concerning Ground Six in his habeas petition." (Doc. No. 29 at 3).

Sixth, Petitioner alleges that in 2018, he filed a Motion to Compel Return of Client's File. (*Id.*; Doc. No. 32 at 4). This motion and its attachments are, according to Petitioner, "relevant and material to Petitioner's ability to reference the record in his issues raised in the habeas corpus petition." (*Id.*) Petitioner states that he attached a copy of the motion as an attachment to Doc. No. 18.

Seventh, Petitioner alleges that the trial court issued an order denying Petitioner's Motion to Compel Return of Client's File. (Doc. No. 29 at 3; Doc. No. 32 at 4). Petitioner states that he submitted this Order as Exhibit C to Doc. No. 18. Petitioner further submitted "a record of what was submitted to the trial court and the responses from the Trial Judge and the Court Clerk concerning those submissions . . . ." (Doc. No. 32 at 5 & Attach. 2, Ex. B).

As best the Court can discern, the documents referenced above by Petitioner, excluding the transcripts of the August 4, 2014 hearings identified by Petitioner as missing and submitted by Respondent on February 25, 2021, were not included in the state court record filed by Respondent. To the extent Petitioner's motions request expansion of the state court record, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R.

7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief . . . [i]t may be perfectly appropriate . . . for the district court to proceed by requiring that the record be expanded." *Flores v. Holloway*, No. 3:17-cv-00246, 2018 WL 573121, at *4 (M.D. Tenn. Jan. 26, 2018) (quoting *Raines v. United States*, 423 F.2d 526, 529–30 (4th Cir. 1970)). Rule 7 seems to suggest that expansion of the record is not necessary if the pleadings and state court record adequately resolve Petitioner's claims.

Here, Petitioner alleges that his requests to add certain documents to the state court record are made in support of various claims in his petition. The Court has not yet decided Petitioner's claims using the pleadings and current state-court record; therefore, at this time, expansion of the record is premature and unwarranted according to Rule 7's advisory notes. R. 7(a), R. Gov'g § 2254 Cases and advisory committee's note; *Flores*, 2018 WL 573121, at *4. Therefore, to the extent Petitioner seeks to expand the state court record, the Court **DENIES** Petitioner's request at this time.

The Court notes, however, that the Court directed Respondent to file "the complete state court record *relevant to this matter*." (Doc. No. 7 at 1) (emphasis added). Although Respondent has not explicitly so asserted, it appears that Respondent may have excluded certain documents from state court record filed with the Court because he deems them irrelevant to this proceeding.[1] Given Petitioner's repeated attempts to ensure the Court considers these documents, the Court finds that it is appropriate to require Respondent to respond to Petitioner's allegations that certain enumerated documents are missing from the state court record filed by Respondent and that those documents are relevant to this case. Considering the contents of the documents, Respondent may

---
[1] Respondent states in his Answer to the Petition for a Writ of Habeas Corpus that "the Court can dispose of the claims based on the record already filed with the Clerk . . . ." (Doc. No. 28 at 2 n.1).

4

be inclined to simply file these documents as part of the record and permit the Court to consider their relevance as appropriate.[2]

Finally, Petitioner alleges that page 14 of the transcript of his hearing on a Motion for New Trial (referred to by Petitioner as "New Trial Hearing") is missing from the state court record filed by Respondent. (Doc. No. 32 at 6). Petitioner has submitted "a record of what was submitted concerning those submissions", including what appears to be page 14 of the transcript, as Ex. D to Docket No. 32.

Upon review of the state court record filed by Respondent, it appears that page 14 indeed is, as Petitioner claims, missing from the transcript submitted by Respondent as Exhibit 13 to Doc. No. 13. Respondent therefore is **DIRECTED** to file a complete transcript of Petitioner's hearing on his Motion for a New Trial.

**PETITIONER'S REQUEST FOR AN EXTENSION TO FILE A SUBSTANTIVE REPLY TO RESPONDENT'S ANSWER TO THE HABEAS CORPUS PETITION (Doc. No. 31)**

In his Reply (Doc. No. 31) to Respondent's Answer to Petition for a Writ of Habeas Corpus (Doc. No. 28), Petitioner asks for an extension of time to submit a substantive Reply to the Answer after the Court rules on his pending motions. Petitioner's request is **GRANTED**. The Court will set a deadline by which Petitioner must file his Reply after Respondent complies with this Order. Petitioner need not file anything at this time.

## CONCLUSION

In summary, Respondent **SHALL** respond to Petitioner's allegations that certain relevant documents are missing from the state court record within 14 days of entry of this Order. Further, Respondent **SHALL** file a complete transcript of Petitioner's hearing on his Motion for a New

---

[2] The Court specifically notes that Petitioner's pending motions do **not** seek discovery, including the discovery of the original recorder device.

Trial within 14 days of entry of this Order. Petitioner will be permitted to file his substantive Reply to Respondent's Answer at a date to be determined by the Court after Respondent complies with this Order.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE