IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DOUGLAS W. CURTIS, )
)
    Petitioner, )
) No. 3:20-cv-00559
v. )
) JUDGE RICHARDSON
BERT C. BOYD, Warden, ) MAGISTRATE JUDGE NEWBERN
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Relief from Judgment (Doc. No. 65) and two Motions to Request District Court to Proceed with Rule 60(B) Petition (Doc. Nos. 71 and 73), all filed by Petitioner Douglas W. Curtis. As discussed below, the latter two motions are hereby granted, and the former motion is hereby denied.

By Order and Memorandum Opinion entered on March 29, 2023, the Court denied Petitioner's Motion for Partial Summary Judgment and Motion to Appoint Counsel (Doc. No. 49); Motion to Request Permission to Exceed Page Limit (Doc. No. 51); Motion to Request District Court to Rehear Second Motion to Request Leave for Discovery, which the Court construed as a motion for reconsideration under Rule 54(b) (Doc. No. 55); and Motion to Request Permission to Amend Habeas Corpus Petition with Recent Decision from the Sixth Circuit. (Doc. No. 56).

Further, the Court denied in part and granted in part Petitioner's Motion to Request the Habeas Court to Take Judicial Notice under Fed. R. Evid. 201, which the Court construed as a motion to take judicial notice and to expand the record (Doc. No. 52). Specifically, the motion was granted insofar as the Court expanded the state-court record to consider the Affidavit of Thomas J. Owen dated May 11, 2018, and it was denied in all other aspects.

Finally, the Court denied Petitioner's a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus and dismissed this action with prejudice. The Court denied a Certificate of Appealability (*see* Doc. Nos. 58 & 59), and final judgment was entered on the same day. (Doc. No. 60).

Petitioner appealed (Doc. No. 61), and the Sixth Circuit Court of Appeals denied a Certificate of Appealability on September 14, 2023. Petitioner sought a panel rehearing and a rehearing en banc, which were denied on October 24, 2023, and November 9, 2023, respectively. Petitioner filed a timely application for a writ of certiorari in the United States Supreme Court, which was denied on March 22, 2024. (Doc. No. 70).

In his Motion for Relief from Judgment (Doc. No. 65), Petitioner asks the Court to vacate and set aside the Court's March 29, 2023 judgment under Rule 60(b). Respondent has filed a Response in Opposition (Doc. No. 68), and Petitioner has filed a Reply to that response. (Doc. No. 69). Petitioner's Motions to Request District Court to Proceed with Rule 60(B) Petition (Doc. Nos. 71, 73) are **GRANTED**.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2),

and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner contends that he is entitled to relief from judgment "due to an inadvertent mistake of the District [C]ourt Judge" which denied Petitioner "his constitutional right to a full and fair review of his constitutional claims . . . ." (Doc. No. 66 at PageID# 4510). In particular, Petitioner argues that the Court erred when it allegedly did not consider Petitioner's reply (Doc. No. 41) to Respondent's response to the petition (Doc. No. 28) that would have made it "more probable than not that [Petitioner] would have received relief from his conviction." (*Id*. at PageID# 4513). According to Petitioner, "prejudice should be presumed" because (according to him) the Court did not consider his reply. (Doc. No. 66 at PageID# 4515-19).

The Court acknowledged Petitioner's reply in the opening paragraph of the Memorandum Opinion. (*See* Doc. No. 58 at PageID# 4394 (citing Doc. No. 41)). Petitioner maintains that since the reply "is never mentioned or even alluded to again" the Court did not consider it. (Doc. No. 69 at PageID# 4683). However, Petitioner is mistaken. The Court considered the full record when ruling on Petitioner's claims, resulting in a detailed analysis of Petitioner's claims totaling nearly 100 pages. (*See* Doc. No. 58).

Even if the Court had overlooked Petitioner's reply (which the Court did not), consideration of the reply would not have changed the outcome of the case. The Court determined that Petitioner was not entitled to relief under Section 2254 because each of his claims was not cognizable under the Habeas Rules, was without merit, or was procedurally defaulted without sufficient cause. Petitioner's reply did not provide the Court with facts or argument that would alter the Court's determinations. And the arguments that Petitioner does make in his Rule 60 motion likewise do not persuade the Court to alter its previous determinations.

In any event, after Petitioner applied to the Sixth Circuit Court of Appeals for a COA, the Sixth Circuit considered all Petitioner's claims on the merits "in the interests of efficiency", even claims that this Court found to be procedurally defaulted or non-cognizable under Habeas Rules and therefore did not consider on the merits. (Case No. 23-5371, Doc. No. 11-1 at 2). In so doing, the Sixth Circuit found that reasonable jurists would agree with this Court's assessment of Petitioner's claims. (*Id*. at 2-9). Petitioner thereafter applied for an en banc rehearing (Case No. 23-5371, Doc. No. 13), which the Sixth Circuit denied (*Id*., Doc. No. 18). Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court (*Id*., Doc. No. 19), which the Supreme Court denied (*Id*., Doc. No. 20).

In short, Petitioner has not demonstrated that he is entitled to relief from the judgment entered by this Court on March 29, 2023. His motion (Doc. No. 65) is **DENIED**.

Finally, Petitioner accuses Respondent of not providing the state-court record. He alleges that he received the Notice of Filing Documents (Doc. No. 13) but "never received a copy" of its attachments. (Doc. No. 66 at Page ID# 4519-20). Petitioner's assertion is curious given that he cited the state-court record extensively—including transcript line numbers—throughout his filings. (*See, e.g*., Doc. No. 41 at Page ID# 3777) (citing the record for exhibits related to Tom Owen's expenses); Doc. No. 49 at Page ID# 4185 (citing the record for the exhibit of the recorded phone call); Doc. No. 55 at Page ID# 4326 (citing the state record down to line numbers); Doc. No. 56 at Page ID# 4366 (same); Doc. No. 66 at Page ID# 4524-49 (citing various attachments to Doc. No. 13); No. 23-5371 (Doc. No. 6 at Pages 19-21, 23-24, 27, 29-32, 34, 36-39, 41-48)). Additionally, in his Reply to Respondent's Response to Petitioner's Motion for Discovery, Petitioner conceded that Respondent "filed the trial court record, the record on direct appeal, the trial and appellate court record in connection with any state petition for collateral relief, including,

but not limited to, transcripts for all proceedings and rulings on any state petition" and that he "received … the state court record on August 25, 2020." (Doc. No. 16 at Page ID# 2936-37). The record, therefore, belies Petitioner's assertion that he has not been provided with the state-court record.

       IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE